IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RAYMOND ARLEN HOLMES,<br><br>Petitioner,<br><br>vs.<br><br>LYNN GUYER; TIM FOX,<br>ATTORNEY GENERAL OF THE<br>STATE OF MONTANA<br><br>Respondents. | Cause No. CV 20-135-M-DLC-KLD<br><br><br>FINDINGS AND<br>RECOMMENDATIONS OF UNITED<br>STATES MAGISTRATE JUDGE |

Petitioner Raymond Arlen Holmes, a state prisoner proceeding pro se, filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondents to file an answer or any other pleading. The petition must be summarily dismissed, "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.* If summary dismissal is not warranted, the judge must order the respondent to file an answer, motion, or other response or "to take other action the judge may order."

1

*Id*.  As explained herein, Mr. Holmes' petition should be dismissed as an

unauthorized second or successive petition.

### i.      Background

The Court is familiar with Mr. Holmes and previously explained the history

of his underlying proceedings as follows:

> In August of 2015, in Montana's Fourth Judicial District, Mineral
> County, the State and Holmes entered into a plea agreement which
> encompassed three criminal cases.  Holmes admitted violating a prior
> suspended sentence for two 1987 felony burglary convictions and also
> pled guilty to multiple violations of an order of protection and to
> felony bail-jumping.  Holmes was sentenced to the Montana State
> Prison for fifty years, with all but twenty years and fifty days
> suspended.  *State v. Holmes*, 2019 MT 94N, Or. at 2 (Mont. April 23,
> 2019). As part of the sentence, the district court agreed to recommend
> that Holmes be eligible for the Nexus drug treatment program and to
> suspend the remainder of Holmes' sentence upon successful
> completion of the program.
>
> Although Holmes did not complete the Nexus program, he did
> successfully complete a comparable chemical dependency program.
> Holmes filed a prior habeas petition with this Court arguing that
> because he completed a treatment program, the remainder of his
> sentence should be suspended.  Holmes asked this Court to order the
> State of Montana to amend his written judgment and immediately
> release him from custody.  See, *Holmes v. Salmonsen*, No. CV 18-08-
> M-DLC-JCL, Pet. (filed Jan. 31, 2018).  Holmes' petition was
> ultimately dismissed because his claim was unexhausted and not
> cognizable in federal habeas.  See, *Holmes v. Salmonsen*, No. CV 18-
> 08-M-DLC-JCL, Or. (D. Mont. May 4, 2018).
>
> Holmes subsequently sought and received sentencing relief in the
> Montana Supreme Court.  *Holmes v. Guyer*, OP 19-0459, Or. (Mont.
> Nov. 12, 2019) (granting habeas petition in part and remanding to
> district court with instructions to issue an amended judgment).

2

*Holmes v. Guyer, et. al*., Cause No. CV-20-03-M-DLC-KLD, Find. & Rec. at 2-3 (filed Jan. 16, 2020)(internal citations omitted).

Pursuant to the Montana Supreme Court's directive, the state district court entered a Corrected Judgment on November 22, 2019.[1]

Holmes next filed a § 2254 petition with this Court alleging that he was "kidnapped" when he was extradited from Washington state to Montana on a purportedly illegal 1988 bench warrant. See, *Holmes v. Guyer, et. al*., Cause No. CV-20-03-M-DLC-KLD, Pet. (filed Jan. 10, 2020). The petition was subsequently denied for lack of merit. *Holmes v. Guyer, et. al*., Cause No. CV-20-03-M-DLC, Or. (D. Mont. March 25, 2020).

**ii.    Claims**

In the present petition Holmes alleges that following resentencing, he has been denied jail credit, which has resulted in his parole eligibility date being extended. (Doc. 1 at 4, ⁋ 13(A)). Holmes claims the state court refuses to respond to his petition. *Id*. Holmes asks this Court to award him credit for the time he has served on both his misdemeanor and felony sentences so that he may appear before

---

[1] Proceedings, including orders and filings, in other courts, including state courts, are also the proper subject of judicial notice when directly related to the case. *Tigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011). The Court takes judicial notice of the Corrected Judgment filed in *State v. Holmes*, Cause No. DC-2015-14.

3

the Parole Board.  *Id*. at 7, ¶ 17.

### iii.    Analysis

As a preliminary matter, it does not appear that Holmes raises a claim that is cognizable in federal habeas.  28 U.S.C. § 2254(a) states: "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  *See also* Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  "[F]ederal habeas corpus relief does not lie for errors of state law."  *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)(citations omitted).  "[E]rrors of state law do not concern us unless they rise to the level of a constitutional violation."  *Oxborrow v. Eikenberry*, 877 F. 2d 1395, 1400 (9th Cir. 1989).  To state a cognizable federal habeas claim based on a claimed state sentencing error, a petitioner must show that the alleged error was "so arbitrary or capricious as to constitute an independent due process violation."  *Richmond v. Lewis*, 506 U.S. 40, 50 (1992).  Holmes has made no such showing.

Additionally, it does not appear that Holmes has presented his claim to the Montana Supreme Court.  Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State."  28

U.S.C. §2254(b)(1)(A).  Thus it appears that in addition to not being cognizable, Holmes' claim is also unexhausted.  But these are not the only defects from which Holmes's petition suffer; the present petition is second or successive in nature.

As set forth above, Holmes has already filed a federal habeas petition challenging his convictions and the corresponding Corrected Judgment. Accordingly, this Court may not review Holmes' present petition unless and until he obtains leave from the Ninth Circuit Court of Appeals to file a second or successive petition.  This Court must dismiss any claim which was presented in a prior habeas petition.  28 U.S.C. § 2244(b)(1).  A new claim in a second or successive petition must be dismissed even if not presented in a prior habeas petition, unless the claim rests on new law, new evidence, or Petitioner's actual innocence.  28 U.S.C. § 2244(b)(2).  Even in the latter circumstance, leave of the Court of Appeals is required to maintain the successive petition.  28 U.S.C. § 2244(b)(3).  Accordingly, Holmes is required to raise his grounds for making a second or successive petition before the Ninth Circuit, in a motion for leave to file a second or successive petition.  "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

Until Holmes obtains leave from the Ninth Circuit Court of Appeals to file a

successive habeas petition, this Court lacks jurisdiction to hear his claims.  *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).  The petition should be dismissed.

### iv.     Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules Governing § 2254 Proceedings.  A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability should be denied because there is no doubt this Court lacks jurisdiction and there is no basis to encourage further proceedings at this time.

Based on the foregoing, the Court makes the following:

### RECOMMENDATION

1. The Petition (Doc. 1) should be **DISMISSED** for lack of jurisdiction.

2. The Clerk of Court should be directed to enter by separate document a

judgment of dismissal.

3. A certificate of appealability should be **DENIED**.

**NOTICE OF RIGHT TO OBJECT**
**TO FINDINGS & RECOMMENDATION**
**AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Holmes may object to this Findings and Recommendation within 14 days. 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Holmes must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of his case without notice to him.

DATED this 10th day of February, 2021.

/s/ Kathleen L. DeSoto
Kathleen L. DeSoto
United States Magistrate Judge

7