IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RAYMOND ARLEN HOLMES, | CV 20–135–M–DLC |
| Petitioner, | |
| vs. | ORDER |
| LYNN GUYER; AUSTIN KNUDSEN,[1] ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

Before the Court is the Findings and Recommendations of United States

Magistrate Judge Kathleen L. DeSoto.  (Doc. 5.)  Judge DeSoto recommends that

the Court dismiss Petitioner Raymond Arlen Holmes' petition for writ of habeas

corpus for lack of jurisdiction.  (*Id.*)  She further recommends that the Court deny a

certificate of appealability.  (*Id.* at 7.)  Holmes does not object.

Absent objection, the Court reviews for clear error.  *See United States v.*

*Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474

U.S. 140, 149 (1985).  Clear error review is "significantly deferential" and exists if

---

[1] Since Mr. Holmes filed his petition, Austin Knudsen has been elected Montana's Attorney General.  *See* Attorney General Austin Knudsen, https://dojmt.gov/our-attorney-general/ (last visited March 15, 2021); *see also Ariz. Libertarian Party v. Reagan*, 798 F.3d 723, 727 n.3 (9th Cir. 2015) ("We may take judicial notice of 'official information posted on a governmental website, the accuracy of which [is] undisputed.").

- 1 -

the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Reviewing for clear error, the Court finds none.  In addition to the issues Judge DeSoto notes as they relate to whether Mr. Holmes' claim is cognizable or properly exhausted (Doc. 5 at 4–5), the Court agrees that his Petition is, at minimum, second or successive.  *See* 28 U.S.C. § 2244(b).  Mr. Holmes provides no indication that he has sought or received permission from the Ninth Circuit Court of Appeals for such a petition.  Thus, because Mr. Holmes has "failed to comply with the gatekeeping requirements of 28 U.S.C. § 2244(b)," the Court agrees with Judge DeSoto that it lacks jurisdiction to hear his claim.  *See Burton v. Stewart*, 549 U.S. 147, 149 (2007).  And, the Court agrees that no jurists of reason could disagree with this conclusion and that the issues presented by Mr. Holmes' Petition do not deserve encouragement to proceed further; the Court will deny a certificate of appealability.  *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted).

Accordingly, having conducted clear error review, IT IS ORDERED that the Court ADOPTS Judge DeSoto's Findings and Recommendations (Doc. 5) IN FULL.  Consequently, IT IS ORDERED that Mr. Holmes' Petition (Doc. 1) is DISMISSED for lack of jurisdiction.

IT IS FURTHER ORDERED that the Clerk of Court shall enter, by separate document, a judgment in favor of Respondents and against Mr. Holmes.

Finally, IT IS ORDERED that a certificate of appealability is DENIED.

DATED this 19th day of March.

Dana L. Christensen, District Judge
United States District Court